UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DANIEL SIKKEMA,

Defendant.

OPINION & ORDER

24 Cr. 227 (ER)

RAMOS, D.J.:

Daniel Sikkema is charged with one count of passport fraud in violation of 18 U.S.C. §§ 1542 and 2. Doc. 8. Before the Court is Sikkema's motion to dismiss the indictment in its entirety. Should that motion be denied, Sikkema also makes a motion *in limine* to preclude the Government from offering certain evidence related to his alleged involvement in the murder of his husband, Brent Sikkema. For the reasons set forth below, both motions are DENIED.

I. BACKGROUND

    A. Factual Background

Unless otherwise noted, the following facts are drawn from the complaint and the indictment. *See* Docs. 1 (the "Complaint"), 8 (the "Indictment"). In brief, on February 8, 2024, Sikkema applied for a new U.S. passport on behalf of his minor child. Doc. 1 ¶¶ 5(a), 5(e). Sikkema's child had previously been issued a U.S. passport, *see id.* ¶ 4(d), which Sikkema's attorney attempted to retrieve from Sikkema's late husband's apartment on January 21, 2024.[1] *Id.* However, the apartment management company denied Sikkema's attorney access to the apartment and instead directed them to contact the executor of Sikkema's late husband's estate. *Id.* Sikkema thereafter emailed the executor to request the passport, but the executor denied Sikkema's request.[2] *Id.* On January 26,

---

[1] The Complaint provides that Sikkema's husband, Brent Sikkema, was murdered in Rio de Janeiro, Brazil on January 15, 2024. Doc. 1 ¶ 4(c).

[2] The Complaint provides no date certain for this initial email request. *See* Doc. 1 ¶ 4(d).

2024, Sikkema sent another email to the executor once again requesting the U.S. passport. *Id.* ¶ 4(e). This email went unanswered. *Id.*

Two weeks later, on February 8, 2024, Sikkema applied for a new U.S. Passport for his child at the James A. Farley U.S. Post Office located in Manhattan, New York. Doc. 1 ¶¶ 5(a), 5(e). In addition to the application itself (Form DS-11), Sikkema submitted a Statement Regarding a Valid Lost or Stolen U.S. Passport Book (Form-DS 64) which stated: "AFTER A TRIP WITH HIS OTHER FATHER TO EUROPE IN LAS [sic] AUGUST HE LOST THE PASSPORT." *Id.* ¶¶ 5(a), 5(b). Sikkema made this statement knowing his child's passport was not lost. Doc. 8.

On February 15, 2024, the executor of Sikkema's late husband's estate filed a petition in the Family Court of the State of New York, New York County, requesting to be named the child's guardian because Sikkema was "being charged with the murder of [his husband] in Brazil." Doc. 1 ¶ 4(f). The court dismissed this petition on March 5, 2024. *Id.* On March 14, 2024, the executor provided the child's U.S. passport to Sikkema's attorney. *Id.* ¶ 4(g).

### B. Procedural History

Sikkema was indicted by a grand jury on April 12, 2024. Doc. 8. The sole count is brought pursuant to 18 U.S.C. §§ 1542 and 2. *Id.* Title 18 of the United States Code, § 1542 states, in part:

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws . . . [s]hall be fined under this title, imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

*See also* 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.").

On November 4, 2024, Sikkema filed a motion to dismiss the indictment and, alternatively, a motion *in limine* to exclude certain evidence related to Sikkema's alleged involvement in the murder of his husband, Brent Sikkema. Doc. 20. On November 18, 2024, the Government filed its opposition to both motions. Doc. 22.

## II.    LEGAL STANDARD

"A defendant challenging the sufficiency of an indictment on a motion to dismiss faces a high hurdle." *United States v. Percoco*, Docket No. 16 Cr. 776 (VEC), 2017 U.S. Dist. LEXIS 203580, at *6 (S.D.N.Y. Dec. 11, 2017). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); Fed. R. Crim. P. 7(c)(1). To state an offense, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (citation and internal quotation marks omitted). As such, "[t]he dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights." *United States v. Bustos De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) (citation omitted); *United States v. Gatto*, 295 F. Supp. 3d 336, 341 (S.D.N.Y. 2018) (denying motion to dismiss indictment charging conspiracy to commit wire fraud where it "track[ed] the language of [the federal statute]," and stating that "extensive factual allegations as to when, how and with whom the alleged scheme was undertaken . . . [were] more than sufficient to inform defendants of the particulars of the alleged conspiracy in which they are charged with having participated.").

3

The sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment unless the government has made a full proffer of the evidence it intends to present at trial. *Alfonso*, 143 F.3d at 776–77; *see also United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995) ("A defendant is only entitled to raise in pretrial motions a 'defense, objection, or request which is capable of determination without the trial of the general issue.' The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged.") (quoting Fed. R. Crim. P. 12(b)). When considering a motion to dismiss an indictment, the Court "considers all allegations in the indictment to be true and does not consider any contrary assertions of fact by the defendant." *United States v. Almaleh*, Docket No. 17 Cr. 25 (ER), 2022 U.S. Dist. LEXIS 35260, at *5 (S.D.N.Y. Feb. 28, 2022) (citations omitted); *see also Alfonso*, 143 F.3d at 776–77 (stating that a court focuses on the legal sufficiency of the indictment itself, without ruling on the legal sufficiency of the evidence).

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Indeed, courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context. *See National Union Fire Insurance Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss

Sikkema argues that the indictment should be dismissed because the Government has not adequately alleged a violation of 18 U.S.C. § 1542. Doc. 21 at 6. Specifically, he contends that "[he] did not commit the crime of filing a false passport application because his statement that he believed the passport to be 'lost' was not false; the passport was indisputably missing and had not—at that point—been found." *Id.* at 11.

Sikkema acknowledges that the Court may not dismiss an otherwise facially valid indictment on the basis of factual insufficiency. *Id.* at 10 (citing *United States v. Breal*, 593 F. App'x 949, 952 (11th Cir. 2014) ("The district court may not dismiss an indictment based on factual insufficiency, as the sufficiency of a criminal indictment is determined from its face.") (citation and internal quotation marks omitted)).[3] Nevertheless, Sikkema cites *United States v. Gotti*, 457 F. Supp. 2d 411 (S.D.N.Y. 2016), for the proposition that dismissal is still warranted as a matter of *law* because the "undisputed facts—nearly all of which are contained in the Government's sworn complaint—do not make out the offense of filing a false passport application." Doc. 21 at 11.

In opposition, the Government argues that Sikkema's motion is "meritless" and should be denied because it is a "plainly improper attempt to move for summary judgment through a motion to dismiss." Doc. 22 at 3–4. The Government argues that *Gotti* is not dispositive here because it has not yet made a full proffer of the evidence it intends to introduce at trial. *Id.* at 7. Accordingly, the Government argues it would be improper to dismiss the indictment on grounds of insufficient evidence. *Id.*

As an initial matter, dismissal of the defendant's indictment in *Gotti* was a "rare circumstance" because "the Government ha[d] presented the bulk of its evidence twice at

---

[3] While Sikkema cites an Eleventh Circuit decision for this principle, the same has long been recognized by the Second Circuit. *See, e.g., U.S. v. Beckett*, Docket No. 04 Cr. 158 (WHP), 2004 U.S. Dist. LEXIS 24970, at *12 (S.D.N.Y. Dec. 13, 2004) (citing *United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989)).

defendant's first and second trials[,]" both of which resulted in deadlocked juries, and the Government "intend[ed] to present much of the same evidence again." *Gotti*, 457 F. Supp. 2d at 414 n.4, 421, 425. Accordingly, the court was able to determine, as a matter of law, that the elements of the crime had not been met. *See id.* at 425.

Here, Sikkema's motion to dismiss is based solely on the Government's Complaint and Indictment. These documents, by their nature, do not provide the defendant with all the facts and evidence that the Government intends to use to prove its case. *United States v. Phillips*, 690 F. Supp. 3d 268, 277 (S.D.N.Y. 2023). The outcome in *Gotti* was contingent on the Government having made a *full* proffer of the evidence at two previous trials. *See Gotti*, 457 F. Supp. 2d at 421; *see also Alfonso*, 143 F.3d at 776–77 ("Unless the government has made what can be fairly described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."). It cannot be reasonably argued that the Complaint and Indictment together provide a comprehensive disclosure of the Government's evidence, particularly given the Government's assertion that it has not yet made a full proffer. *See* Doc. 22 at 7.

At this stage, the Government is only required to allege each element of the charged offense. *Hamling*, 418 U.S. at 117; Fed. R. Crim. P. 7(c)(1). The Government has done so. *See* Doc. 8. Such allegations properly inform Sikkema of the charge against him and permit him to plead an acquittal or conviction in bar of future prosecutions of the same offense. *See Hamling*, 418 U.S. at 117. Accordingly, Sikkema's motion to dismiss the indictment is denied.

### B. Defendant's Motion *In Limine*

Sikkema moves *in limine* to preclude the government from introducing "evidence that Sikkema arranged for his husband's murder." Doc. 21 at 12. In opposition, the Government argues that such a motion is premature at this stage in the litigation,

6

particularly because "[a] trial date has not been set in this case, and the Government has not yet proffered the evidence it will seek to admit at a future trial."  Doc. 22 at 7.  Additionally, the Government argues that it does not intend to introduce evidence of Sikkema's involvement in his husband's murder at this time.  *Id.* at 8.

The Court agrees that Sikkema's motion is premature.  "In limine motions deal with evidentiary matters and are not to be filed until the eve of trial."  *Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009).  The Court cannot determine whether evidence related to Sikkema's alleged involvement in his husband's murder is "clearly inadmissible on all potential grounds" without knowing the format and context in which the Government intends to present such evidence.  *See Paredes*, 176 F. Supp. 2d at 181.  Moreover, the Government has represented that it does not currently intend to introduce the evidence Sikkema seeks to preclude.  Doc. 22 at 8.

If the Government does determine that it will seek to introduce evidence related to Sikkema's alleged involvement in his late husband's murder, the Government will provide Sikkema with "reasonable notice in advance of trial" of any evidence related to alleged prior bad acts, arrests, or convictions that it intends to introduce at trial, as required under Federal Rule of Evidence 404(b).  Sikkema may renew his motion to preclude such evidence at that time.  However, the Government is not yet required to provide this notice because there is no set trial date.  *United States v. Bermudez*, Docket No. 22 Cr. 335 (NSR), 2023 U.S. Dist. LEXIS 200006, at *25–26 (S.D.N.Y. Nov. 7, 2023).  Therefore, Sikkema's motion *in limine* is premature.  *See United States v. Buckner*, 417 F. Supp. 2d 240, 243 (S.D.N.Y. 2005) (denying as premature defendant's motion to preclude evidence of prior bad acts because there had been no trial date set and the Government was not yet required to provide notice of such evidence).  The motion is thus denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, both the motion to dismiss the indictment and the motion *in limine* are DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 20.

It is SO ORDERED.

Dated:   December 11, 2024
        New York, New York

                                                     EDGARDO RAMOS, U.S.D.J.