UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– *against* –

DANIEL SIKKEMA,

Defendant.

**ORDER**

24 Cr. 227 (ER)

RAMOS, D.J.:

In a March 9, 2026 Opinion and Order, the Court directed the Government to respond to two requests that Sikkema raised in its reply papers:  (1) that the Government produce all *Brady* and *Giglio* material as the Government becomes aware of such material, and (2) that the Government produce all exhibits in a file as opposed to a list.[1] *See* Doc. 62 at 15.  On March 13, 2026, the Government responded.  Doc. 68.

The Government requests that the Court reject Sikkema's first request, as the Court has previously ordered that all *Brady* information be disclosed "promptly after its existence becomes known to the Government," and because the Government plans to disclose all *Giglio* material on April 8, 2026, the same day Jencks Act material will be

---

[1] In his reply brief, Sikkema stated:

In providing its exhibit list, we additionally ask that the [G]overnment be required to provide a file that contains the exhibits, rather than providing only a list, which from our experience often includes hundreds of files, and which are often identified differently than how they were identified in discovery. Undoubtedly, the [G]overnment will have isolated the exhibits on its list and it is entirely reasonable to require that the government provide us a file containing them rather than requiring us to go on a scavenger hunt through what is presently a half-terabyte of discovery.

Doc. 57 at 10–11.

disclosed.  *Id.*[2]  The Government does not object to Sikkema's second request concerning the production of all exhibits in a file.  *Id.*

Accordingly, Sikkema first request is DENIED, and his second request is GRANTED.  The Clerk of Court is respectfully directed to terminate the motions, Docs. 51, 55.

Dated:   March 16, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[2] The Court has previously ordered that all *Brady* information be disclosed "promptly after its existence becomes known to the Government . . . ," and all *Giglio* information be disclosed "sufficiently in advance of trial in order for the defendant to make sufficient use of it at trial."  Doc. 31.

2