UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ~~[PROPOSED]~~ ORDER |
| v. | 24 Cr. 227 (ER) |
| DANIEL SIKKEMA, | |
| *Defendant.* | |

Upon the application of the United States of America, without objection from defendant Daniel Sikkema, the Court hereby finds and orders as follows:

1. **Rule 15 Motion.** The Government's unopposed motion, pursuant to Federal Rule of Criminal Procedure 15, to take a pretrial deposition of a civilian witness in Spain, (ECF Nos. 59, 63), is GRANTED. The Court finds that the witness is unavailable for trial; that the witness's anticipated testimony is material; and that the witness's testimony is necessary to prevent a failure of justice. Accordingly, pursuant to Rule 15(a)(1), the Court authorizes the taking of the witness's deposition because of exceptional circumstances and in the interest of justice.

2. **Defendant's Presence**. The deposition may be taken in Spain without the defendant's physical presence, provided the defendant can participate remotely by videoconference and/or telephone. The parties shall make reasonable efforts to permit the defendant to consult privately with his attorneys during the deposition. The Court finds, pursuant to Federal Rule of Criminal Procedure 15(c)(3), that: (a) the witness's testimony could provide substantial proof of a material fact in a felony prosecution; (b) there is a substantial likelihood that the witness's attendance at trial cannot be obtained; (c) the witness's presence for a deposition in the United States cannot be obtained; (d) the defendant cannot be present because the defendant is detained and secure

transportation and continuing custody cannot be assured at the witness's location; and (e) the defendant can meaningfully participate in the deposition through reasonable means.

3. **Recording.**  The parties shall make reasonable efforts to record the deposition by both audiovisual and stenographic means.  If the deposition cannot be recorded by audiovisual means, it shall be recorded by both audio and stenographic means.  If the deposition cannot be recorded stenographically, it shall be recorded by audiovisual or audio means, and the parties shall thereafter obtain a transcript.

4. **Administration of Oath or Affirmation.**  Pursuant to Federal Rule of Civil Procedure 30(b)(5), before testimony is taken, the court reporter or videographer shall state on the record:  (i) his or her name and business address; (ii) the date, time, and place of the deposition; (iii) the witness's name; (iv) the administration of the oath or affirmation to the witness; and (v) the identity of all persons present.  Pursuant to Federal Rule of Evidence 604, any interpreter(s) must be qualified and must give an oath or affirmation to make a true translation.  Pursuant to Federal Rule of Civil Procedure 28(b)(1)(D), the Court authorizes the court reporter or videographer to administer the oath or affirmation to the witness and interpreter(s).

5. **Defendant's Expenses.**  Pursuant to Federal Rule of Criminal Procedure 15(d), because the defendant is unable to bear the deposition expenses, the Court authorizes payment to Criminal Justice Act-appointed counsel Richard Levitt, Esq. and Florian Miedel, Esq. of expenses associated with the planning and conduct of the deposition (including, without limitation, reasonable travel and subsistence expenses of counsel to attend the deposition, and the costs of the deposition transcript), subject to submission of appropriate documentation and any further

direction of the Court.  Nothing in this Order limits the defendant from seeking, by separate application, authorization for other costs or services necessary for adequate representation.

SO ORDERED.

Dated: New York, New York
       March 20, 2026

THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK