LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
17th FLOOR
NEW YORK, NEW YORK 10038-1850

RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER**
nkaizer@landklaw.com

ZACHARY SEGAL
zsegal@landklaw.com

* ADMITTED IN NY, FLA, AND D.C.
** ADMITTED IN NY AND FLA.

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4040

May 20, 2026

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *U.S. v. Daniel Sikkema,*
      24-cr-227(S-1) (ER)

Dear Judge Ramos:

We write in support of our request that the Court instruct the jury regarding the proper consideration of character evidence admitted at trial, specifically evidence concerning Mr. Sikkema's character for peacefulness and nonviolence. We ask that the Court include a character-evidence instruction substantially in the form the court has used in its initial jury instruction draft at p. 38 or Sand Instruction 5-15 (or equivalent), advising the jury that it may consider admitted character evidence substantively—together with all other evidence—in determining whether the Government has proved guilt beyond a reasonable doubt.

At trial, multiple witnesses, *e.g.* Jessica Gomez, Tr. 362-63; Maria Gomez, Tr. 388; and Angela Liriano, Tr. 78, testified that they had never known Mr. Sikkema to engage in violent conduct. That testimony is character evidence of peacefulness/non-violence offered to show that Mr. Sikkema is less likely to have committed the charged conduct. The Government contends an instruction is unwarranted because the witnesses were not asked in a particular formulation whether they had an "opinion" of Mr. Sikkema's character or knowledge of his "reputation." That objection elevates form over substance and is inconsistent with the Federal Rules and Second Circuit authority.

Fed.R.Evid 404. Character Evidence; Other Crimes, Wrongs, or Acts, provides in pertinent part:

> **(a) Character Evidence.**
> **(2) *Exceptions for a Defendant or Victim in a Criminal Case*.** The following exceptions apply in a criminal case:
> > **(A)** a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it;
> .....

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Edgardo Ramos
May 20, 2026
Page-2-

Here, witnesses have testified to Sikkema's character trait for non-violence. Such testimony is permissible character testimony under Rules 404 and 405.

Fed.R.Evid. 405(a) - Methods of Proving Character, provides:

(a) By Reputation or Opinion. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.

Rule 405(a) expressly permits proof of character "by testimony about the person's reputation or by testimony in the form of an opinion." The Rule does not require any specific "magic words." Where a witness testifies from personal knowledge that they never knew the defendant to be violent, **the witness is necessarily conveying an opinion**— grounded in experience and observation—about the defendant's character trait of peacefulness. Second Circuit decisions recognize that the Federal Rules authorize opinion character testimony and that pre-Rules limitations to reputation-only proof are "archaic" and no longer controlling. *See, e.g., United States v. Morgan*, 554 F.2d 31, 33 &n.1 (2d Cir. 1977) (recognizing the Rules' allowance of opinion testimony and cautioning against reliance on pre-Rules doctrine); *see also United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000) (noting that Rule 404(a) "applies a lower threshold of relevancy to character evidence than that applicable to other evidence."

Under Federal Rule of Evidence 405(a), character evidence may be established through either reputation testimony or opinion testimony (*S.E.C. v. Peters*, 978 F.2d 1162 (10th Cir. 1992). The Court in *Peters* discussed the use of questions such as "have you heard" [about defendant's character] and explained that Rule 405 "dismantled the distinction between these two types of character evidence," noting that the drafters recognized "reputation evidence is largely opinion in disguise," finding that courts do not require witnesses to use magic words like "in my opinion" or "his reputation is" for their testimony to qualify as character evidence.

Accordingly, Rule 405(a) dismantled the distinction between these two types of character evidence, providing that "proof may be made by testimony as to reputation or by testimony in the form of an opinion."

….

**Thus, Rule 405 does not preclude "have you heard" questions on cross-examination of opinion witnesses**.

978 F.2d at 1169 Emphasis added).

The critical question is whether "never knew him to be violent" formulations constitute proper opinion testimony under Rule 405(a) or whether some talismanic

invocation of the words "in your opinion" is required. While the Second Circuit has not directly addressed this precise phrasing in a published opinion establishing it as admissible opinion evidence over government objection, district courts within the circuit have permitted character witnesses to testify using opinion-based formulations. In *United States v. Krug*, the Western District of New York recognized that witnesses may "testify as to their opinion that defendant is peaceful, law-abiding, and has integrity" under Rule 405(a)

> Some of the witnesses will also testify as to their opinion that defendant is peaceful, law-abiding, and has integrity.  Indeed, this type of evidence is permissible pursuant to Rule 405(a) of the Federal Rules of Evidence, which provides that "[w]hen evidence of a person's character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." *See* Fed. R. Evid. 405(a).

*United States v. Krug*, 2019 WL 336568, at *5 (W.D.N.Y., 2019)

The Fifth Circuit addressed this precise issue in *United States v. John*, 309 F.3d 298 (5th Cir. 2022), where the district court erroneously limited character evidence to formal "reputation" testimony and "overlooked the fact that character evidence also may be proven by a witness's opinion of the defendant"  The court found that "several witnesses testified to their opinion of John without mentioning his reputation in the community"

> The [district] court, by referring to character evidence as "reputation" evidence and stating that Sara Lynn John's testimony was the only "reputation" evidence adduced at trial, overlooked the fact that character evidence also may be proven by a witness's opinion of the defendant. Fed.R.Evid. 405(a). As we will discuss, several witnesses testified to their opinion of John without mentioning his reputation in the community.

*United States v. John*, 309 F.3d 298, 302 n.8 (5th Cir. 2002). *See also United States v. Kellog*, 510 F.3d 188 (3rd Cir. 2007), where the court found that where witness "expressed opinion that the defendant had a character consistent with that of being a law abiding citizen" and "also testified that he knows people who know the defendant, and that the defendant's reputation among others for being a law abiding citizen is excellent," both statements were valid forms of character evidence.

This demonstrates that witnesses need not expressly frame their testimony as opinion or reputation evidence for it to qualify as character evidence warranting an instruction. In our case the cited witnesses testified they never knew Mr. Sikkema to commit any violent act; that is the equivalent of saying he has a non-violent character.

Once character evidence is presented through witnesses testifying about a defendant's peaceful or law-abiding nature, courts must provide appropriate jury instructions. In *United States v. Logan*, 717 F.2d 84 (3rd Cir. 1983) the court held that "when character evidence is presented, court should instruct the jury that it should consider defendant's good reputation for truth and veracity along with the other evidence" and "that

evidence of the defendant's reputation which is inconsistent with the commission of the crime may give rise to a reasonable doubt." *Id.* at 93.

The Second Circuit likewise recognizes that a defendant is entitled to a character-evidence instruction where character testimony has been admitted. In *United States v. Pujana-Mena*, the Court explained that "good character evidence may be sufficient to raise a reasonable doubt." 949 F.2d 24, 29 (2d Cir. 1991).

> Of course, like all other evidence, character evidence may be "deemed sufficient to engender a reasonable doubt.... But such evidence must be considered in conjunction with all the evidence received at the trial, not 'in and of itself.'" *Lowenthal,* 224 F.2d at 249.

*Id.*

Because the Court admitted this character evidence, the jury should be instructed on how it may use it. Second Circuit law supports instructing jurors that character evidence is to be considered along with all other evidence in deciding whether the Government has met its burden beyond a reasonable doubt. While courts may decline to instruct that character evidence "alone" mandates acquittal, the jury must be told it may consider such evidence substantively in assessing reasonable doubt. *See, e.g., United States v. Pujana-Mena*, 949 F.2d 24 (2d Cir. 1991) (approving instruction to consider character evidence with all other evidence; rejecting entitlement to "character alone" language).

Accordingly, Defendant respectfully requests that the Court give an instruction in the form the Court included in its draft charge or any other form the Court deems appropriate, to clarify that the jury may consider the admitted testimony regarding Mr. Sikkema's non-violent character together with all other evidence in determining whether the Government has proved guilt beyond a reasonable doubt.

Respectfully submitted,

Richard Levitt
Florian Meidel